[Sac. No. 2302.   In Bank.—August 28, 1917.]

## A. PALM, Respondent, v. PLANADA DEVELOPMENT CORPORATION (a Corporation), Appellant.

CONTRACT—FURNISHING OF WORK—DAMAGES FOR BREACH.—In an action for damages for breach of contract to furnish plaintiff with work amounting to the sum of three thousand five hundred dollars, an award of one thousand dollars for time lost while waiting for defendant to furnish such amount on a showing that during that time he was obliged to refuse other offers for work is unwarranted, in view of the provisions of sections 3300 and 3358 of the Civil Code.

APPEAL from a judgment of the Superior Court of Merced County.   E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Flint & Jutten, and H. S. Mackay, Jr., for Appellant.

Farrar & Mahon, for Respondent.

HENSHAW, J.—Plaintiff's complaint charged upon three causes of action.   The following statement of them is sufficient for the consideration here to be had.   Plaintiff had entered into a written agreement with defendant's predecessor, under which he was to dig for it a well a thousand feet deep, if necessary, to secure a flow of water satisfactory to defendant's predecessor.   Thereafter defendant and plaintiff entered into an agreement substituted for the earlier one, whereby it was contemplated that plaintiff, instead of digging one well of a thousand feet depth, "will undertake the drilling of shallow wells . . . until the amount of three thousand five hundred dollars that would have become due and payable for aforesaid one thousand foot well shall have been made up."   In his first cause of action plaintiff alleged that he had in the matter of digging these wells done work for which he had not been wholly paid.   Upon the trial of this cause the court found that there was due to plaintiff for work thus actually performed the sum of $216.62, and this determination is accepted without question by appellant.

The second cause of action was in effect a common count for $78.99 for work and labor performed by plaintiff in repairing

a pump for defendant. This cause was somewhat inartificially stated. However, sufficient was alleged to pass general demurrer. Trial was had upon it and the court found thereon. But in so finding it gave a judgment for $20 more than was pleaded or proved. The judgment must be reduced by this amount.

The third cause of action charged in effect that defendant was bound under its contract to furnish plaintiff with three thousand five hundred dollars worth of work, but that in fact "plaintiff was only furnished by defendant sufficient work to aggregate to him the sum of $3,106.62." It is further alleged that by reason of this refusal plaintiff suffered damage, first, in the sum of $393.38, and, second, "in the further sum of one thousand dollars for time lost by plaintiff while waiting for defendant to furnish to plaintiff work sufficient to enable him, the said plaintiff, to perform the conditions of said contract by plaintiff thereunder to be performed." The court found that $493.38 was the difference between three thousand five hundred dollars, the amount in value of the work which defendant was to furnish plaintiff, and the value of the amount of work which defendant actually did permit plaintiff to perform, and the findings declare that this amount "was stipulated by counsel for defendant in open court to be the exact amount of said difference." It will be remembered that the complaint itself charged this difference as being $393.38. The stipulation to which the court thus makes reference does not bear out the court's statement of its purport and effect. It was not a stipulation that defendant had furnished only $3,006.62 worth of work, but it was simply a stipulation that "the plaintiff was entitled to receive the sum of $3,006.62 for his work in digging or drilling three wells." This stipulation was made in reference to the trial of the first cause of action, and it is a stipulation only as to the amount which the plaintiff "was entitled to receive" and not at all as to the amount of value of the work which defendant had furnished. For aught that appears to the contrary, the amount which the plaintiff was entitled to receive might have been materially reduced by setoff adjusted between the parties during the progress of the work. Clearly, defendant is not bound by this stipulation in the trial of the third cause of action, and the only evidence upon the matter is that supporting plaintiff's pleading to the effect that that amount was $393.38. The court allowed four-fifths of the

amount, or eighty per cent of it, presumably as profits which would have accrued to plaintiff if the work had been given him to do.   Accepting this basis for an estimate of the profits, plaintiff clearly was entitled to but eighty per cent of $393.38, or $314.68.   The award of $394.70 as loss of profits should therefore be reduced to $314.68.

There is no basis whatsoever for the added award of one thousand dollars damages ''for time and work lost by plaintiff while waiting for defendant to furnish to plaintiff work sufficient to enable plaintiff to perform the conditions of his contract,'' and it is incomprehensible how the court, in view of the plain language of our code, should have granted it.   The evidence of plaintiff was that it would have taken him three months, or, in other words, that he would have had three months' additional work, if defendant had given him added work to measure up in value to the three thousand five hundred dollars; that he waited around for three weeks, after finishing the last well, expecting to receive this new employment; that during this time he was obliged to refuse offers to dig wells elsewhere; specifically to dig four wells of about three hundred feet depth, upon each of which he would have made eight or nine hundred dollars, and to dig another well of greater depth, for which he was to receive eighty acres of land.   He further testified that his actual damages were vastly greater than one thousand dollars, as plainly they would have been (if in point of law they were damages at all), since each of the four wells would have brought him as profit eight or nine hundred dollars.   Manifestly if such evidence is admissible to swell the damages for a breach of contract, he could have impoverished, and indeed bankrupted, the defendant by merely increasing the showing of the working contracts which he could have taken.   Our law, however, contemplates no such measure of damage, and, indeed, distinctly forbids it.   The Civil Code (section 3300) declares that for the breach of an obligation arising on contract, the measure of damages is the amount which will compensate the party aggrieved for all detriment proximately caused thereby; and that there may be no manner of doubt as to the interpretation to be put upon this language, section 3358 of the same code further declares that ''notwithstanding the provisions of this chapter, no person can recover a greater amount in damages for the breach of an obligation than he could have gained by the full perform-

ance thereof on both sides.'' The exceptions to this general rule have no application to a contract such as this.

It follows herefrom that from the judgment given, the award of one thousand dollars damages must be stricken out. The award of $493.38 must be reduced to $314.68. The award of $98.99 must be reduced to $78.99. So modified and reduced the judgment will stand affirmed, and defendant will recover its costs on this appeal.

Melvin, J., Lorigan, J., Shaw, J., Sloss, J., and Angellotti, C. J., concurred.